## Ruſſel *verſ.* Oakes. ·

*(From Middleſex.)*

Rec. 1763.
Fol. 91.

Payment by the Maker to the Promiſee of a Note on Demand is a good Defence againſt a ſubſequent Indorſee for Value without Notice. ·.
*Hutchinſon,* C. J., *diſſ.*

THIS was an Action of the Caſe on a Note of Hand which was indorſed to the Plaintiff, and appeared to have been paid before the Indorſement. The Queſtion was, whether the Plaintiff ſhould recover in this Action or be barred by the Payment. (1)

*Mr.*

—————————

(1) It appears by the declaration that the note in ſuit bore date, October 19, 1759, and was payable on demand to one James Webber or

*Mr. Trowbridge for Defendant.* Strange, 674. It is always held when Payment is once made, a Promife is of no Force. Lucas, 287. (2) After the Promifee had once received it he could not recover himfelf; he cannot give a greater Power than he has himfelf. Skinner, 410. In a Declaration on inland Bills 'tis faid " then wholly unpaid." 2 Show. 495.

*Mr. Gridley.* This Cafe muft appear evident on our Side to any Perfon who is at all acquainted with the Nature of Bills of Exchange. To pay him *or* his Order, is there any Intereft to transfer ? Is not the Intereft gone ? The Indorfer is guilty of a Fraud againft the Indorfee, who has his Action for it. There is an entire Difference between this and in Cafe it had not been paid till after the Indorfement, for by this the Property is changed and in the Indorfee. Trade would be rendered very precarious, if fuch negotiable Notes can't be difcharged but by taking up of the Note.

*Mr. Kent.* Cunningham on Bills of Exchange cites Comyns. It was formerly fettled Law that the Confideration fhould not be called in Queftion — they are upon the fame Footing as Inland Bills.

*Ch. Juft.* If this Action fhould be barred, it feems

---

order, and by him indorfed to the plaintiff. The queftion of law was raifed by a fpecial verdict, which fhowed that the plaintiff took the note by indorfement on the 4th of Auguft, 1761, after it had been paid, but without knowledge of the payment.

(2) —— v. *Ormfton*, 10 Mod. 287.

1763.
RUSSEL
*v.*
OAKES.

feems to me that one half of the Trade muft be extremely precarious, for it refts upon fuch Bills, whofe Credit muft be deftroyed.   It deftroys the Diftinction between Notes negotiable and not.

*Juft. Ruffell.*   There is no Difference between them till the Indorfement.

Judgment was rendered at Cambridge in Auguft Term, 1763, for Defendant.* (3)   *Ch. Juft. diffentiente.*

* *Qu.*   If the Reafon of the Judgment in Strange, 1155, would not have been pertinent in this Cafe.   Vid. Salk. 344; Carth. 356; L'd Raym'd, 87.

(3) S. P. *Baker* v. *Wheaton*, 5 Mafs. 512.   *Hemmenway* v. *Stone*, 7 Mafs. 58.   But see St. 1839, c. 121, § 1; Gen. Sts. c. 53, § 10.

Report of the fecond Argument upon Writs of Affiftance.

The cafe on the next page, argued and decided at Auguft term, 1761, feems to have been copied into the book here from notes taken at that time.   That the notes were Quincy's own appears from the memorandum prefixed to the argument of Otis, *poft*, 55; and at the end of the cafe in the MS. is a reference to " Law File C," which probably contained his original notes, now loft.   It feems ftrange that this argument fhould not have been mentioned by the hiftorians.   Even John Adams, who was admitted to the bar only four days before, (*ante*, 35,) and to whom we are indebted for a report of the firft argument upon Writs of Affiftance in February 1761, (*post*, 469,) does not appear to have left any notice of this one, except in a letter of October 4, 1780, to Mr. Calkoen, in which he fays that the queftion " was folemnly and repeatedly argued before the fupreme court by the moft learned counfel in the Province."   7 John Adams's Works, 267.   But Adams's diary contains only one entry between his admiffion and June 5, 1762.   2 John Adams's Works, 133, 134.   And his autobiography and his letters to William Tudor were written many years afterwards.   *Vid. poft*, 409, 417.   Hutchinfon, having received his inftructions from England fince the firft argument, (*poft*, 415, note,) probably confidered the fecond argument a mere form.   For copies of the papers, and other information about the Writs of Affiftance, fee Appendix I.